IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Atlantic Casualty Insurance Company, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No. 2:23-cv-00325 | |
| § | | |
| Jerry Wagner d/b/a Wagner Gauging § | | |
| Services, Louie James Joslin, Sr. and § | | |
| Priscilla Kay Joslin, Individually and as § | | |
| Personal Representatives of the Estate of § | | |
| Louie James Joslin, Jr., § | | |
| *Defendants*. § | | |

**Complaint for Declaratory Judgment**

Atlantic Casualty Insurance Company, plaintiff, files this complaint for declaratory judgment and respectfully shows the Court the following:

## I. Nature of the Suit

1. Atlantic Casualty brings this claim for declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201–2022.

2. Atlantic Casualty seeks a declaration that it has no duty to defend its named insured, Jerry Wagner d/b/a Wagner Gauging Services, under Commercial General Liability Policy No. L167005351-0 with respect to the state-court suit styled and numbered *Joslin et al. v. Sun Exploration, Inc. et al.*, cause no. 2023CCV-60745-4 in County Court at Law No. 4 of Nueces County, Texas ("Joslin Suit").

3. Atlantic Casualty also seeks a declaration that it has no duty to indemnify Wagner or pay insurance proceeds to Louie James Joslin, Sr. and Priscilla Kay Joslin under Commercial General Liability Policy No. L167005351-0 for any judgment or settlement in the Joslin Suit.

## II. Parties

4. Atlantic Casualty is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina. For diversity purposes, Atlantic Casualty is a citizen of North Carolina but not Texas.

5. Jerry Wagner d/b/a Wagner Gauging Services is an individual and sole proprietor domiciled in Sandia, Nueces County, Texas. Wagner may be served with process at 6076 County Road 99, Sandia, Texas 78385 or wherever he may be found. For diversity purposes, Wagner is a citizen of Texas but not North Carolina.

6. Louie James Joslin, Sr. is an individual domiciled in Alice, Jim Wells County, Texas. Joslin may be served with process at 1129 Araiza Street, Alice, Texas 78332 or wherever he may be found. For diversity purposes, Joslin is a citizen of Texas but not North Carolina.

7. Priscilla Kay Joslin is an individual domiciled in Alice, Jim Wells County, Texas. Joslin may be served with process at 1129 Araiza Street, Alice, Texas 78332 or wherever she may be found. For diversity purposes, Joslin is a citizen of Texas but not North Carolina.

## III. Jurisdiction and Venue

8. Atlantic Casualty's citizenship (North Carolina) is fully diverse from each defendant's citizenship (Texas). Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1).

9. The Court has personal jurisdiction over the defendants because they are Texas citizens.

10. Venue is proper in this district and division under 28 U.S.C. § 1391(b)(1)–(2). Each defendant is domiciled in either Nueces County or Jim Wells County, and a substantial part of the events or omissions giving rise to this action occurred in Nueces County.

## IV. Facts

11. All preceding paragraphs are incorporated herein by reference.

**A. Wagner Sued for Oil-Drilling Fatality**

12. The Joslins initiated the Joslin Suit by filing an Original Petition against Wagner and another entity on June 14, 2023. Their Original Petition remains the live petition.

13. The Joslins allege that Joslin Sr. and their son, Louie James Joslin, Jr., were working at the well site located in the area of 2008 County Road 75, Driscoll, Nueces County, Texas, on behalf of their employer, Petroleum Producing Services, on January 24, 2023.

14. The Joslins allege that the well site was within the Martin Lease No. 3 and operated/managed by Sun Exploration, Inc.

15. The Joslins allege that Wagner arrived at the well site at approximately 11:00 AM on January 24, 2023, at which time the oil pump was turned off.

16. The Joslins allege that Wagner greased the pump jack and pumping unit, turned on the pump, and walked away even though the moving machinery was unguarded.

17. The Joslins allege that Joslin Sr. and Joslin Jr. arrived at the well site approximately 30–40 minutes after Wagner turned on the oil pump.

18. The Joslins allege that Wagner instructed Joslin Jr. to disperse absorbent around the moving jack pump and observed Joslin Jr. walk over to the pump jack carrying the absorbent.

19. The Joslins allege that Joslin Sr. and Wagner later heard a loud noise coming from the pump, to which Wagner walked over to the pump and found Joslin Jr. trapped under the pump jack's counterweight.

20. The Joslins allege that Joslin Jr. could only be partially freed from the counterweight and was pronounced deceased at the scene.

21. The Joslins allege that they have suffered severe injuries and damages, including the wrongful death of Joslin Jr.

22. The Joslins allege that Joslin Sr. also suffered shock and severe mental anguish as a result of having a contemporaneous perception of the injuries and death of Joslin Jr.

**B. Insurance**

23. Atlantic Casualty issued Commercial General Liability Policy No. L167005351-0 ("Policy") for the policy period of December 19, 2022 – December 19, 2023. The Policy's named insured is "Jerry Wagner dba Wagner Gauging Services," whose form of business is listed as "individual."

24. The Policy describes Wagner as an "oil and gas gauger," with a corresponding classification of "oil or gas wells – instrument logging or survey work … code no. 98159" for premium/risk purposes.

25. The Policy covers certain sums that Wagner becomes legally obligated to pay as damages because of "bodily injury" to which this insurance applies. "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time. Damages because of "bodily injury" include damages claimed by any person for care, loss of services, or death resulting at any time from the "bodily injury." Any "bodily injury" must be caused by an "occurrence" and occur during the policy period:

> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> SECTION I – COVERAGES
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>       (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>       (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or

    settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided under Supplementary Payments – Coverages A and B.

  b. This insurance applies to "bodily injury" or "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]

    (2) The "bodily injury" or "property damage" occurs during the policy period.

    . . .

  e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

    . . .

SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

                CG 00 01 10 01

26. The Policy's insuring agreement above, however, is modified to permit Atlantic Casualty to consider extrinsic evidence in determining its right or duty to defend Wagner:

  INSURING AGREEMENT AMENDMENT – USE OF EXTRINSIC EVIDENCE – RIGHT TO DEFEND

  THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:
  COMMERCIAL GENERAL LIABILITY COVERAGE PART

  A. Paragraph 1.a. of SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY is replaced by the following:

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking covered damages. We will have the right, but not the duty, to defend any insured against any "suit" for which we dispute coverage. We will have no duty to defend or indemnify any insured against any "suit" seeking damages for "bodily injury" or "property damage" where there is

no coverage under the policy. We will have the right, but not the duty, to defend those qualifying as an additional insured by way of an additional insured endorsement.

We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a lawsuit seeking "bodily injury" or "property damage," provided that extrinsic evidence does not contradict a claimant's pleaded allegation. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in SECTION III – LIMITS OF INSURANCE; and

(2) Our right and duty to defend a claim to which this insurance applies ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under COVERAGES A or B or medical expenses under COVERAGE C.

Paragraphs b.(3), c. and d. under Paragraph 1. Insuring Agreement of SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY are deleted.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A and B.

AGL-077 10-16

27. The Policy does not apply to oil and gas contracting operations performed by Wagner:

EXCLUSION – OIL AND GAS CONTRACTING OPERATIONS

This endorsement modifies insurance provided under the following:
 COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to any claims, loss, costs or expense for "bodily injury," "property damage" or "personal and advertising injury" arising out of any past, present or future over-the-hold and/or open-hole work performed by the insured.

AGL-121 12-10

28. The Policy does not apply to "bodily injury" to employees, contractors, or employees of contractors:

> EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS
>
> THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> Exclusion e. Employer's Liability of SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY is replaced by the following:
>
> This insurance does not apply to:
>
> (i) "Bodily injury" to any "employee" of any insured arising out of or in the course of;
>
>   (a) Employment by any insured;
>
>   (b) Performing duties related to the conduct of any insured's business;
>
> (ii) "Bodily injury" to any "contractor" for which any insured may become liable in any capacity; or
>
> (iii) "Bodily injury" sustained by any spouse, child, parent, brother or sister of any "employee" of any insured, or of a "contractor," as a consequence of any injury to any person as set forth in paragraphs (i) and (ii) of this endorsement.
>
> This exclusion applies to all claims and "suits" by any person or organization for damages because of "bodily injury" to which this exclusion applies including damages for care and loss of services.
>
> This exclusion applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to which this exclusion applies, including any obligation assumed by an insured under any contract.
>
> With respect to this endorsement only, the definition of "Employee" in the SECTION V – DEFINITIONS is replaced by the following:
>
> "Employee" shall include, but is not limited to, any person or persons hired, loaned, leased, contracted, or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor.
>
> As used in this endorsement, "contractor" shall include, but is not limited to, any independent contractor or subcontractor of any insured, any general contractor, any developer, any independent contractor or subcontractor of any general contractor, any independent contractor or subcontractor of any

developer, any independent contractor or subcontractor of any property owner, and any and all persons working for and or providing services and or materials of any kind for these persons or entities mentioned herein.

AGL-005A 03-13

29. The Policy does not apply to any claim, loss, cost, or expense arising out of the actions or inactions of an independent contractor or subcontractor on behalf of Wagner:

EXCLUSION – INDEPENDENT CONTRACTORS OR SUBCONTRACTORS

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to any claims, loss, costs or expense arising out of or related to the action(s) or inaction(s) of independent contractors or subcontractors by or on behalf of any insured; or for the negligent hiring, training, supervision, direction, inspection, management or retention of independent contractors or subcontractors on behalf of any insured.

AGL-005 10-10

30. The Policy does not apply to "bodily injury" that Wagner expected or intended:

EXCLUSION – EXPECTED OR INTENDED

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion 2.a. of SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY is deleted and replaced by the following:

a) "Bodily injury" or "property damage" expected or intended from the standpoint of any insured.

AGL-068 03-13

31. The Policy does not apply to mental or emotional injury that a person sustains unless it arises out of physical injury to that person:

EXCLUSION – MENTAL INJURY

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to any claims, loss, costs or expense arising out of emotional distress, mental anguish, humiliation, mental distress,

> mental injury, mental suffering, worry, annoyance, anxiety, inconvenience, depression, dissatisfaction, or shock to the nervous system or any physical manifestation of any of the foregoing, or any similar injury unless it arises out of physical injury that occurs to that person.
>
> AGL-073 01-17

32. The Policy does not apply to "bodily injury" for which Wagner may be liable due to the rendering of or failing to render professional services in the performance of any investigation, inspection, survey, or audit services:

> EXCLUSION – INSPECTION, APPRAISAL AND SURVEY COMPANIES
>
> This endorsement modifies insurance provided under the following:
>   COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:
>
> This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" for which the insured may be held liable because of the rendering of or failure to render professional services in the performance of any claim, investigation, adjustment, engineering, inspection, appraisal, survey or audit services.
>
> CG 22 24 07 98

## V. Declaratory Judgment

33. All preceding paragraphs are incorporated herein by reference.

34. Atlantic Casualty seeks a declaration that it has (1) no duty to defend Wagner in the Joslin Suit and (2) no duty to indemnify Wagner or pay insurance proceeds to the Joslins for any judgment or settlement in the Joslin Suit, because one or more policy provisions, together or alternatively, preclude or exclude coverage.

35. The Joslins, in their individual capacities, allege that they have suffered "severe injuries and damages" but not *physical* injuries. Instead, they claim that they have suffered mental or emotional injuries—shock and mental anguish—which do not constitute "bodily injury" and are otherwise excluded per the EXCLUSION – MENTAL INJURY.

36. The Joslins allege that Wagner greased and turned on the pumping unit, left the moving unit unguarded, and instructed Joslin Jr. to apply absorbent around the unit. Wagner's actions constitute over-the-hold or open-hole work performed by Wagner. Because any alleged "bodily injury" arises out of that work, that "bodily injury" is not covered per the EXCLUSION – OIL AND GAS CONTRACTING OPERATIONS.

37. The Joslins allege that Joslin Jr. and Joslin Sr. were working at the well site when Wagner instructed Joslin Jr. to disperse absorbent around the pump jack, after which Joslin Jr. complied and sustained fatal injuries. Because Joslin Jr. was either an "employee" of Wagner or a "contractor" to whom Wagner is liable due to fatal injuries sustained while working at the well site according to Wagner's instructions, any alleged "bodily injury" is not covered per the EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS and/or EXCLUSION – INDEPENDENT CONTRACTORS OR SUBCONTRACTORS.

38. The Joslins allege that Wagner left the moving pumping unit unguarded in violation of American Petroleum Institute and Occupational Safety and Health Administration standards and that Sun Exploration and its agents (Wagner) knew that the pumping unit would be more dangerous if it was not properly maintained or safeguarded. The fatal injuries sustained by Joslin Jr. were not caused by an "occurrence," or accident, and are otherwise excluded per the EXCLUSION – EXPECTED OR INTENDED INJURY.

39. The Joslins allege that Wagner failed to shut down the unguarded pumping unit before Joslin Jr. dispersed absorbent around the unit per Wagner's instructions, which led to Joslin Jr.'s fatal injuries. Wagner's operations, as described in the Policy, were limited to instrument logging and survey work on oil and gas wells. Because any alleged "bodily injury" arose out of Wagner's failure to render professional services in his performance of survey or inspection services, that "bodily injury" is not covered per the EXCLUSION – INSPECTION, APPRAISAL AND SURVEY COMPANIES.

## VI. Prayer

For these reasons, Atlantic Casualty respectfully asks the Court for the following relief:

a. a declaration that Atlantic Casualty has no duty to defend Wagner under the Policy in the Joslin Suit;

b. a declaration that Atlantic Casualty has no duty to indemnify Wagner or pay insurance proceeds to the Joslins under the Policy for any judgment or settlement in the Joslin Suit;

c. court costs; and

d. all other relief deemed appropriate by the Court.

Respectfully submitted.

*Camille Johnson*

Camille Johnson, attorney-in-charge
camille@ssjmlaw.com
SBN: 10686600
S.D. Bar No. 16414
William Vanderbilt
will@ssjmlaw.com
SBN: 24110472
S.D. Bar No. 3481498
SAVRICK, SCHUMANN, JOHNSON, MCGARR, KAMINSKI & SHIRLEY, LLP
4621 Ross Avenue, Suite 300
Dallas, Texas 75204
Tel: (214) 368-1515
Fax: (214) 292-9647

**Attorneys for Plaintiff
Atlantic Casualty Insurance Company**